## MASON v WILLIAMS
### Case No. 87 CC11 1377
County Court, Polk County

October 2, 1987

### APPEARANCES OF COUNSEL

**George Mason** pro se.

**Joseph G. Bywater** pro bono for Florida Rural Legal Services, Inc., for defendant.

### OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

### *ORDER DENYING FINAL JUDGMENT FOR POSSESSION AND ABATING RENT*

This case came on to be heard on September 14, 1987, on plaintiff George Mason's complaint for tenant eviction for failure to pay rent. Pursuant to the testimony and evidence received at that hearing, this court makes the following findings of fact:

1. The premises which plaintiff leased to defendant violate the landlord's obligation to maintain premises as set out in section 83.51(1)(b) in that the roof leaks, subjecting occupants to the possibility of electrocution; there are holes in the back-bedroom floor and the bathroom wall as well as a decayed floor in the hallway; the toilet and the kitchen pipes and drain leak; the failure is not fastened to the floor; numerous plug outlets and electrical sockets are exposed; and the water looks to be in unsanitary condition.

2. Defendant was not behind in her rent on the date the notice to vacate was served.

3. Defendant made numerous complaints to plaintiff about the problems in the house which plaintiff had promised to fix when plaintiff moved in a year and a half ago.

4. Defendant served a seven-day notice on plaintiff pursuant to sections 83.56(1) and 83.60(1).

5. The dimunition in value of the house due to the noncompliance with section 83.51(1)(a) during the occupancy of the house is 50%.

6. There was a mention of one year and a half as the time that defendant had been renting this house from plaintiff. The court will fix the beginning of the period of noncompliance as March 1, 1986, unless either of the parties submits an affidavit stating a different date. If contradictory affidavits are submitted, another hearing may be necessary to determine the beginning of occupancy. To avoid having another hearing, if the parties disagree with the March 1, 1986, date, they should attach rent receipts or some other indicia of the time of the beginning of the tenancy.

7. Defendant deposited $514.00 in the registry of the court for the August and September rent.

Based on the above facts, the court makes the following conclusions of law:

1. Plaintiff is not entitled to a judgment for possession.

2. Under § 83.60(1), the rent for the entire period from March 1, 1986, to the present time and from now on until the house is brought into compliance with § 83.51(1)(b) is reduced to $128.50 per month. The pertinent section of the statute states that the landlord, at all times during the tenancy, shall:

> where there are no applicable building, housing, or health codes, maintain the roofs, windows, screens, doors, floors, steps, porches, exterior walls, foundations, and all other structural components in

good repair and capable of resisting normal forces and loads and the plumbing in reasonable working condition.

From March 1, 1986, until and including July 1, 1987 defendant has paid $4,369.00 in rent at $257.00 per month. From the period of March 1, 1986, through October, 1987, at a dimunition of 50%, defendant's rent should have been $2,441.50, or 19 months times $128.50. This leaves an overpayment of $1,927.50, which shall be applied to rent as it comes current after October at the rate of $128.50. As repairs are made to bring the house into habitable condition, the rent can be raised to take the improvements into consideration.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED:

1. This court gives judgment to the defendant in plaintiff's action for possession.

2. The rent is hereby abated going back to the beginning of the tenancy, to continue until the premises are brought into compliance with the law and the abatement of the rent is to be figured as set out in the preceding paragraph.

3. The $500 deposited by defendant in the court's registry is to be returned to defendant.

4. Plaintiff is liable to defendant for $300.00 attorney's fees pursuant to § 83.48, for which let execution issue. This judgment shall earn interest at 12% per annum.

5. The court specifically calls the attention of defendant to §3.64, Florida Statutes, which section reads:

It is unlawful for a landlord to discriminatorily increase a tenant's rent or to decrease services to a tenant, or to bring or threaten to bring an action for possession or other civil action, primarily because the landlord is retaliating against the tenant.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida this the 2nd day of October, 1987.